RECEIVED
2012 FEB 13 A 11: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY GARDNER )
 )
Plaintiff )
 )
 )
vs. ) Civil Action No: 2:12-CV-131
 )
GMAC MORTGAGE, LLC and )
MGC MORTGAGE, INC., )
 )
Defendants. )

## NOTICE OF REMOVAL

COMES NOW Defendant GMAC Mortgage, LLC ("GMAC"), with the consent and authority of co-defendant MGC Mortgage, Inc. ("MGC") (GMAC and MGC are collectively referred to as "Defendants"), and hereby gives notice of removal and removes this cause of action from the Circuit Court of Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for removal, GMAC shows this Court as follows:

### A. Procedural Background

1. This civil action was filed by Plaintiff Mary Gardner against GMAC on or about March 11, 2011 in the Circuit Court of Montgomery County, Alabama (the "State Court Action"). GMAC filed its Answer to the Complaint on April 15, 2011. On August 30, 2011 Plaintiff filed her First Amended Complaint, adding co-defendant MGC as a defendant. GMAC filed its Answer to the First Amended Complaint on September 9, 2011. MGC answered the Complaint on October 24, 2011. True and correct copies of all process, pleadings, and orders served upon GMAC and MGC and/or filed in the State Court Action are attached hereto collectively as Exhibit A.

1

2. Plaintiff's Complaint, as amended, asserts state law claims of conversion, fraud, breach of contract, suppression, breach of fiduciary duty, negligence and wantonness arising out of the servicing of Plaintiff's mortgage loan by GMAC (and then MGC), and arising out of Defendants' handling of an insurance proceeds check for repairs to Plaintiff's property. For recompense, Plaintiff demanded compensatory damages of $4,350.99, plus 6% interest, the cost of repair of damage to her home, court costs, mental anguish and emotional distress damages of an unspecified sum, and punitive damages. *See* First Amended Complaint, Counts One through Eleven. The First Amended Complaint, as pled, does not unambiguously establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### B. Diversity Jurisdiction

3. Plaintiff is a citizen of Montgomery County, Alabama. *See* First Amended Complaint, ¶ 1.

4. GMAC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Minnesota. None of its members are citizens of Alabama as contemplated under 28 U.S.C. § 1332(c).

5. MGC is a Texas Corporation with its principal place of business in Plano, Texas. MGC is not a citizen of the State of Alabama as contemplated under 28 U.S.C. § 1332(c).

6. Consequently, based on the face of the Complaint, there is complete diversity of citizenship between Plaintiff and Defendants.

### C. The Amount In Controversy Requirement Has Now Been Satisfied

7. The amount in controversy exceeds $75,000. By letter dated February 6, 2012, Plaintiff offered to settle her claims against Defendants for $177,325.00. *See* February 6, 2012 correspondence, attached hereto as Exhibit B.

### D. This Removal is Timely Under § 1446(b)

8.      Where a case is not removable based upon the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

9.      When a plaintiff's complaint contains an unspecified demand for damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000 for removals based on diversity jurisdiction. *Leonard v. Enterprise Rent-A-Car,* 279 F.3d 967, 972 (11th Cir. 2002). The Eleventh Circuit Court of Appeals discussed how a defendant can carry its burden of proving that the plaintiff's claim exceeds the requisite jurisdictional amount. *See Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007) ("*Lowery*"). In *Lowery,* the Eleventh Circuit explained that, in determining whether removal is appropriate, "the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and that notice of removal *unambiguously* establish federal jurisdiction." *Id.* at 1213 (emphasis added). Mere conclusory allegations and speculation as to the presence of diversity jurisdiction are insufficient to remove a case to federal court. *Id.* at 1213-15, 1216-17.

10.     Further, the Eleventh Circuit in *Lowery* stated that it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice - without seriously testing the limits of compliance with [Federal Rule of Civil Procedure] 11." *Lowery,* 483 F.3d at 1213 n. 63. The

3

Court noted that in a case like this one involving a complaint with an unspecified damages claim, a defendant typically cannot sign a notice of removal in good faith until the defendant receives a document or "other paper" from the plaintiff containing information pertaining to the value of the plaintiff's claim. *Id.*; 28 U.S.C. § 1446(b). Such a document or "other paper" includes, for example, <u>settlement offers</u>, demand letters, responses to requests for admission, and interrogatory answers. *Lowery,* 483 F.3d at 1212 n.62; *see also McCullough v. Plum Creek Timberlands, L.P.*, 2010 U.S. Dist. LEXIS 23 (M.D. Ala. Jan. 4, 2010) (holding that settlement demand of $110,000 and additional non-cash consideration, described by plaintiff as a "good faith offer of settlement", was sufficient to establish the amount in controversy for purposes of an "other paper" removal); *Golden Apple Management Co, Inc. v. GEAC Computers, Inc.*, 990 F.Supp. 1364 (M.D. Ala. 1998) ("*Golden Apple*") (settlement negotiation letter may be considered "other paper" from which removability is first ascertained and receipt of such letter may thus trigger 30-day period for removal); *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) ("The court therefore concludes that, on the basis of the initial settlement letter seeking $150,000.00, American Suzuki has proven by a preponderance of the evidence that, at the time of removal, the amount-in-controversy requirement under 28 U.S.C. § 1332 was met and that removal was proper under 28 U.S.C. § 1441.").

11.   On February 6, 2012, Plaintiff's counsel wrote to counsel for Defendants and offered to settle the matter in full in exchange for payment of $177,325.00. *See* February 6, 2012 correspondence, attached hereto as Exhibit B. Plaintiff's detailed settlement letter provides a breakdown of actual damages, mental anguish damages, and a summary of recent verdicts to support her demand for punitive damages. Plaintiff describes her $177,325.00 settlement demand as "reasonable under the facts of this case." *Id.* This written settlement offer, obviously,

4

exceeds the jurisdictional threshold of $75,000 and satisfies the amount in controversy requirement. *See Lowery*, 483 F.3d at 1212 n. 62. Plaintiff's settlement offer was the means by which Defendants first ascertained that the amount in controversy exceeded the minimum requirement for federal jurisdiction and, therefore, started the thirty-day removal period. *See* 28 U.S.C. § 1446(b); *Lowery*, 483 F.3d at 1212 n.62; *Golden Apple*, 990 F.Supp. at 1368-69.

12. As stated above, Plaintiff's Complaint and First Amended Complaint do not unambiguously establish that the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, it was not ascertainable at the time of the filing of the Complaint, or the filing of the First Amended Complaint, whether the matter was removable. In compliance with 28 U.S.C. § 1446, this Notice of Removal is being filed within thirty (30) days after Defendants' receipt, through service or otherwise, of an "other paper" demonstrating that this case is removable. 28 U.S.C. § 1446.

### D. The Other Prerequisites of Removal Have Been Satisfied

13. This case is properly removable to this Court pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

14. Notice of this removal is being timely filed with the Clerk of the Circuit Court for Montgomery County, Alabama. A copy of the Notice of Filing Notice of Removal, signed by counsel for GMAC, is attached as Exhibit C.

15. All named Defendants have consented to and joined in this removal. 28 U.S.C. § 1446(a). MGC's Consent to Removal is attached as Exhibit D.

16. Neither GMAC nor MGC has sought similar relief with respect to this matter.

17. The allegations of this Notice are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Middle District of

Alabama, and this cause is properly removable to the United States District Court for the Middle District of Alabama.

18.   If any question arises as to the propriety of the removal of this action, GMAC and MGC respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

_____
Jon H. Patterson
Attorney for GMAC Mortgage, LLC

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS, LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: (205) 521-8403
Facsimile: (205) 488-6403
jpatterson@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 10th day of February, 2012:

Arlene Richardson
Richardson Legal Center, LLC
18615 Montgomery Highway
Post Office Box 6
Highland Home, AL 36041

John David Collins
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

_____
OF COUNSEL