ELECTRONICALLY FILED
3/11/2011 11:56 AM
CV-2011-900308.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | |
|---|---|
| MARY GARDNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV ACTION NO.: _____ |
| ) | |
| GMAC MORTGAGE, ) | |
| Fictitious Defendants A, B, C ) | |
| who are those individuals, partnerships, ) | JURY TRIAL DEMANDED |
| corporations, limited liability companies, ) | |
| or other legal entities who deposited the ) | |
| plaintiffs home owners insurance funds ) | |
| allotted for repair of Plaintiffs hail damaged ) | |
| roof and endorsed by the plaintiff, which ) | |
| were never used for repair of her roof. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. Plaintiff Mary Gardner (Plaintiff) is an individual over the age of nineteen (19) years and a resident of Montgomery County, Alabama.

2. Defendant GMAC Mortgage is a foreign corporation doing business in Montgomery County, Alabama.

3. Fictitious Defendants A, B, C,... are those individuals, partnerships, corporations, limited liability companies, or other legal entities who deposited the plaintiffs insurance funds into their account for purposes of paying for repairs to Plaintiffs hail damaged roof. Said funds were never paid or used to repair Plaintiff's roof.

4. Jurisdiction is proper in Montgomery County, Alabama.

## FACTS

5. On or about May 2009 a hail storm damaged the roof of Plaintiff's home.

6. Plaintiff's homeowners insurance, State Farm Fire and Casualty Co, determined that the roof was covered by the insurance policy covering the Plaintiff's home.

1

7. State Farm Fire and Casualty Co. issued a check in the amount of four thousand three hundred and ninety-nine cents ($4,350.99) payable to Mary Gardner and Defendant GMAC Mortgage LLC and its successors and/or assigns.

8. Plaintiff was instructed in written correspondence from GMAC Mortgage to: endorse the check, complete and sign a "Homeowners Statement," send a copy of the insurance adjusters estimate for repairs, send a copy of the signed contract between the contractor and the plaintiff. Plaintiff did send each of the items requested to GMAC.

9. GMAC cashed the Check endorsed by the Plaintiff.

10. GMAC refused to issue a check to the contractor to begin repair of Plaintiff's roof.

11. Plaintiff contacted GMAC numerous times and they continued to refuse to pay the insurance proceeds to the contractor.

12. As a result of GMAC's refusal to disperse Plaintiff's insurance proceeds, Plaintiff's roof continued to leak and further damage was done to her home. Plaintiff's roof has not been repaired to date.

## COUNT ONE
### CIVIL CONVERSION

13. On or about May 2009, in Montgomery County Alabama, the Defendant and/or Ficticious Defendants A, B and C converted the insurance proceeds submitted to Plaintiff by her homeowners insurance, which were the property of the plaintiff and were to be used for the repair of the Plaintiffs home.

14. Plaintiff demanded return of the funds and/or that the funds are dispersed to the contractor with whom she contracted to repair her home.

15. Defendant GMAC or Fictitious Defendants A, B and C, unlawfully refused to return Plaintiff's funds.

16. Plaintiff claims punitive damages of the Defendant(s) because of their willful and oppressive conduct.

**WHEREFORE** Plaintiff demands Judgment against the Defendant(s) in the sum of $4,350.99, plus interest at 6% from May 2009 the date of the conversion, the cost of repair of damage to her home as a result of the conversion, the cost of this action, an amount sufficient to compensate the Plaintiff for emotional distress and an amount a jury may deem sufficient to deter the Defendants from similar conduct in the future.

## COUNT TWO
### FRAUD

17. Plaintiff repeats and incorporates by reference all preceding paragraphs as if more fully set out herein.

19. Defendant GMAC, and/or Fictitious Defendants A, B, and C made misrepresentations of material fact as follows:

   a. That the endorsed insurance check would be paid to the contractor with whom the plaintiff had contracted for repairs to her roof.

20. Said representation was made with the intent that the plaintiff rely upon it.

21. Plaintiff relied on the representation and provided the Defendant with the endorsed check and other items Defendant requested.

22. Defendants benefited from the Plaintiff's reliance.

23. As a result of said conduct the Plaintiff has been damaged.

24. Plaintiff has suffered mental anguish and emotional distress over the loss of her money and the lack of repairs to her home.

25. Plaintiff's home has been damaged as a result of the roof leaking.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT THREE
### NEGLIGENCE

3

26. Plaintiff repeats, realleges and incorporates by reference the preceding paragraphs as if more fully set out herein.

27. Defendant GMAC and Fictitious Defendants A, B and C had a duty to disperse the plaintiff's insurance proceeds to the contractor with whom she had contracted to repair her roof.

28. Defendant GMAC and Fictitious Defendants A, B and C, were negligent in handling the insurance proceeds of the Plaintiff and thus, breached their duty.

29. As a proximate result of the negligence of the Defendant GMAC and Fictitious Defendants A, B and C, Plaintiff was damaged. Plaintiff's roof has not been repaired and continues to leak causing widespread damage to her home.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) in an amount sufficient to repair all the damage to Plaintiffs home, the return of the funds belonging to the Plaintiff and wrongfully held by the Defendants plus interest and court costs, and such other and further relief as a jury may deem proper and just.

### COUNT FOUR
#### WANTONNESS

30. Plaintiff repeats, realleges and incorporates by reference the preceding paragraphs as if more fully set out herein.

31. Plaintiff notified the Defendant GMAC and/or Fictitious Defendants A, B and C on numerous occasions that they were wrongfully withholding the insurance proceeds needed to repair her hail damaged roof and that their refusal to disperse said proceeds was causing further damage to her home.

32. Defendant GMAC and/or Fictitious Defendant's A, B and C with knowledge of the Plaintiff's circumstances and conscious disregard and/or reckless indifference to the rights of the Plaintiff, refused to disperse the funds allotted to repair Plaintiffs home.

33. As a proximate result of the reckless and wanton acts of the Defendants Plaintiff was injured.

34. Plaintiff claims punitive damages against the Defendants.

4

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount sufficient to compensate her for her injury plus punitive damages in an amount sufficient to deter the Defendants from committing such acts in the future.

### JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

SUBMITTED this the 11th day of March, 2011.

/s/*Arlene M. Richardson*
Arlene M. Richardson (RIC045)
Attorney for the Plaintiff

RICHARDSON LEGAL CENTER, LLC
P.O. Box 6
Highland Home, Alabama 36041
(334)537-9011
Fax (561) 228-1085
*arlawyer@mon-cre.net*