ELECTRONICALLY FILED
8/30/2011 3:53 PM
CV-2011-900308.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **MARY GARDNER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GMAC MORTGAGE,** )<br>**MGC MORTGAGE, INC.,** )<br>**Fictitious Defendants B, C,** )<br>Who are those individuals, partnerships, )<br>Corporations, limited liability companies, )<br>Or other legal entities who deposited the )<br>Plaintiff's home owners insurance funds )<br>Allotted for repair of Plaintiff's hail )<br>Damaged roof and endorsed by the )<br>Plaintiff, which were never used for repair )<br>Of her roof, )<br>)<br>Defendants. ) | **Case No.: CV-2011-900308** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff Mary Gardner and files her Amended Complaint as follows:

### PARTIES

Former Fictitious Defendant A, is replaced with Defendant MGC Mortgage, Inc. (MGC) who purportedly received and/or deposited the Plaintiff's home owner's insurance funds allotted for repair of Plaintiff's hail damaged roof and never dispersed said funds to repair Plaintiff's roof.

Plaintiff repeats, realleges and incorporates all previous pled counts against Defendants in the original Complaint.

### AMENDED COMPLAINT

1. Plaintiff Mary Gardner (Plaintiff) is an individual over the age of nineteen (19) years and a resident of Montgomery County, Alabama.

2. Defendant GMAC Mortgage is a foreign corporation doing business in Montgomery County, Alabama.

3. Defendant MGC Mortgage, Inc. is a foreign corporation doing business in Montgomery County, Alabama.

3. Fictitious Defendants B, C,... are those individuals, partnerships, corporations, limited liability companies, or other legal entities who deposited the plaintiffs insurance funds into their account for purposes of paying for repairs to Plaintiffs hail damaged roof. Said funds were never paid or used to repair Plaintiff's roof.

4. Jurisdiction is proper in Montgomery County, Alabama.

## FACTS

5. On or about May 2009 a hail storm damaged the roof of Plaintiff's home.

6. Plaintiff's homeowners insurance, State Farm Fire and Casualty Co, determined that the roof was covered by the insurance policy covering the Plaintiff's home.

7. State Farm Fire and Casualty Co. issued a check in the amount of four thousand three hundred fifty dollars and ninety-nine cents ($4,350.99) payable to Mary Gardner and Defendant GMAC Mortgage LLC and its successors and/or assigns.

8. Plaintiff was instructed in written correspondence from GMAC Mortgage to: endorse the check, complete and sign a "Homeowners Statement," send a copy of the insurance adjusters estimate for repairs, send a copy of the signed contract between the contractor and the plaintiff. Plaintiff did send each of the items requested to GMAC.

9. GMAC cashed the Check endorsed by the Plaintiff.

10. GMAC assigned its loan servicing duties to MGC on July 1, 2009.

11. GMAC and/or MGC refused to issue a check to the contractor to begin repair of Plaintiff's roof.

12. Plaintiff contacted GMAC and MGC numerous times and they continued to refuse to pay the insurance proceeds to the contractor.

13. As a result of GMAC's and MGC's refusal to disperse Plaintiff's insurance proceeds, Plaintiff's roof continued to leak and further damage was done to her home. Plaintiff's roof has not been repaired to date.

## COUNT ONE
### CIVIL CONVERSION

14. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

15. On or about May 2009, in Montgomery County Alabama, the Defendant GMAC and/or MGC and/or Ficticious Defendants B and C converted the insurance proceeds submitted to Plaintiff by her homeowners insurance, which were the property of the Plaintiff and were to be used for the repair of the Plaintiffs home.

16. Plaintiff demanded return of the funds and/or that the funds are dispersed to the contractor with whom she contracted to repair her home.

17. Defendant GMAC and/or MGC and/or Fictitious Defendants B and C, unlawfully refused to return Plaintiff's funds.

18. Plaintiff claims punitive damages of the Defendant(s) because of their willful and oppressive conduct.

**WHEREFORE** Plaintiff demands Judgment against the Defendant(s) in the sum of $4,350.99, plus interest at 6% from May 2009 the date of the conversion, the cost of repair of

damage to her home as a result of the conversion, the cost of this action, an amount sufficient to compensate the Plaintiff for emotional distress and an amount a jury may deem sufficient to deter the Defendants from similar conduct in the future.

## COUNT TWO
### FRAUD

19. Plaintiff repeats and incorporates by reference all preceding paragraphs as if more fully set out herein.

20. Defendant GMAC, MGC, and/or Fictitious Defendants B and C made misrepresentations of material fact as follows:

   a. That the endorsed insurance check would be paid to the contractor with whom the plaintiff had contracted for repairs to her roof within 4-5 business days.

   b. That Defendants GMAC and MGC did not have the insurance claim funds or that they did not know where the funds were located.

21. Said representation was made with the intent that the plaintiff rely upon it.

22. Plaintiff relied on the representation and provided the Defendant with the endorsed check and other items Defendant requested.

23. Defendants benefited from the Plaintiff's reliance.

24. As a result of said conduct the Plaintiff has been damaged.

25. Plaintiff has suffered mental anguish and emotional distress over the loss of her money and the lack of repairs to her home.

26. Plaintiff's home has been damaged as a result of the roof leaking.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including

mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT THREE

### BREACH OF CONTRACT (GMAC)

27. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

28. Plaintiff was instructed in written correspondence from GMAC Mortgage to: endorse the insurance check for repairs, complete and sign a "Homeowner's Statement," send a copy of the insurance adjusters estimate for repairs, send a copy of the signed contract between the contractor and plaintiff. Plaintiff did send each of the items requested to GMAC.

29. GMAC stated that upon receipt of the endorsed insurance claim check and the above required information, GMAC would release a portion of the claim funds within 4-5 business days after receipt.

30. This constituted a contract between the parties.

31. GMAC cashed and/or deposited the check endorsed by the Plaintiff.

32. GMAC promised to release a portion of the claim funds within 4-5 business days (or a reasonable time) after receipt of the required items listed above.

33. GMAC had a duty to disperse the claim funds within 4-5 business days (or a reasonable time) after receipt of the endorsed insurance claim check.

34. Defendants never released the claim funds, thus Plaintiff's home was never repaired.

35. Plaintiff has suffered further damage to her home as a result of the Defendant's failure to disperse the claim funds to fix her roof.

35.  Plaintiff has suffered mental anguish over the loss of her money and the lack of repairs to her home.

**WHEREFORE** Plaintiff demands judgment against GMAC in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT FOUR

### BREACH OF CONTRACT (MGC)

36.  Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

37.  Defendant MGC assumed the duties of GMAC through its loan servicing contract with GMAC and/or the mortgage company.

38.  GMAC had a duty to disperse the insurance claim funds within 4-5 business days (or within a reasonable time) and this duty was assumed by MGC through its loan servicing contract when it took over the servicing duties of Plaintiff's loan.

39.  MGC had a duty to disperse the insurance claim funds within 4-5 business days (or within a reasonable time).

40.  MGC never released the claim funds, thus Plaintiff's roof was never repaired.

41.  Plaintiff has suffered further damage to her home as a result of MGC's failure to disperse the claim funds to fix her roof.

42.  Plaintiff has suffered mental anguish over the loss of her money and the lack of repairs to her home.

**WHEREFORE** Plaintiff demands judgment against MGC in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT FIVE

### FRAUDULENT SUPPRESSION (GMAC)

43. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

44. GMAC promised to disperse the insurance claim funds within 4-5 days (or within a reasonable time) as promised.

45. GMAC had a duty to inform Plaintiff that it held the claim funds to fix her roof.

46. GMAC concealed or did not disclose, upon request of the Plaintiff, that they held the insurance claim funds.

47. GMAC induced Plaintiff to wait for claims funds to be dispersed to fix her roof.

48. As a proximate cause of GMAC acts, Plaintiff's roof and home incurred additional damage because it was not repaired in a reasonable amount of time.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT SIX

### FRAUDULENT SUPPRESSION (MGC)

49. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

50. GMAC promised to disperse the insurance claim funds within 4-5 days (or within a reasonable time) as promised.

51. GMAC had a duty to inform Plaintiff that it held the claim funds to fix her roof.

52. Defendant MGC assumed the duties of GMAC through its loan servicing contract with GMAC and/or the mortgage company.

53. When Plaintiff inquired about the funds, MGC concealed or did not disclose that they held the insurance claim funds.

54. MGC induced Plaintiff to wait for claims funds to be dispersed to fix her roof.

55. Plaintiff's roof and home incurred additional damage because it was not repaired in a reasonable amount of time.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT SEVEN

### BREACH OF FIDUCIARY DUTY (GMAC)

56. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

57. GMAC was in a position that would reasonably inspire confidence in the Plaintiff that GMAC would act in good faith by dispersing the insurance claim funds for the Plaintiff's benefit.

58. GMAC owed Plaintiff a fiduciary duty to disperse the claim funds in a timely manner to repair the damage to her roof.

59. GMAC breached its fiduciary duty because it never dispersed the insurance claim funds to repair Plaintiff's roof.

60. GMAC's breach resulted in further damage to Plaintiff's home and mental anguish as a result of the further damage to her roof and home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT EIGHT
### BREACH OF FIDUCIARY DUTY (MGC)

61. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

62. MGC was in a position that would reasonably inspire confidence in the Plaintiff that MGC would act in good faith by dispersing the insurance claim funds for the Plaintiff's benefit.

63. MGC owed Plaintiff a fiduciary duty to disperse the claim funds in a timely manner to repair the damage to her roof.

64. MGC breached its fiduciary duty because it never dispersed the insurance claim funds to repair Plaintiff's roof.

65. MGC's breach resulted in further damage to Plaintiff's home and mental anguish as a result of the further damage to her roof and home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT NINE

## NEGLIGENCE (GMAC)

66. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

67. GMAC had a duty to disperse the Plaintiff's insurance claim funds to the contractor with whom she had contracted to repair her roof within 4-5 days (or a reasonable time).

68. GMAC negligently managed the insurance claim funds.

69. It was foreseeable to GMAC that Plaintiff would suffer further damage to her roof and home if the funds were not dispersed in a reasonable amount of time.

70. As a proximate result of GMAC's negligence, Plaintiff was damaged. Plaintiff's roof has not been repaired and it continues to leak, causing widespread damage to her home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT TEN

### NEGLIGENCE (MGC)

71. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

72. MGC had a duty to disperse the Plaintiff's insurance claim funds to the contractor with whom she had contracted to repair her roof within 4-5 days (or a reasonable time).

73. MGC negligently managed the insurance claim funds.

74. It was foreseeable to MGC that Plaintiff would suffer further damage to her roof and home if the funds were not dispersed in a reasonable amount of time.

75. As a proximate result of MGC's negligence, Plaintiff was damaged. Plaintiff's roof has not been repaired and it continues to leak, causing widespread damage to her home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT ELEVEN

### WANTONNESS

76. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

77. Plaintiff notified GMAC and MGC on numerous occasions that they were wrongfully withholding the insurance proceeds needed to repair her hail damaged roof and that their refusal to disperse said proceeds was causing further damage to her home.

78. GMAC and MGC, with knowledge of Plaintiff's circumstances and conscious disregard and/or reckless indifference to the rights of the Plaintiff, refused to disperse the funds allotted to repair Plaintiff's home.

79. As a proximate result of the reckless and wanton acts of GMAC and MGC, Plaintiff was injured.

80. Plaintiff claims punitive damages against GMAC and MGC.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

### JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

SUBMITTED this the 30th day of August, 2011.

*/s/Arlene M. Richardson*
Arlene M. Richardson (RIC045)
Attorney for the Plaintiff

RICHARDSON LEGAL CENTER, LLC
P.O. Box 6
Highland Home, Alabama 36041
(334)537-9011
Fax (561) 228-1085
arlawyer@mon-cre.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2011, I electronically filed the foregoing with the Clerk of the Court which will send notification of such filing to the following:

Jon H. Patterson
BRADLEY, ARANT, BOULT, CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
jpattersohn@babc.com

***By U.S. Mail properly addressed and postage prepaid: None***

/s/ *Arlene M. Richardson*
Arlene M. Richardson, (RIC045)
Attorney for Plaintiff
Richardson Legal Center LLC
P.O. Box 6
Highland Home, AL 36041
(334) 537-9011
(561) 228-1085 Fax
E-mail: *arlawyer@mon-cre.net*